<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| **NASR NASRUDDIN,** | : | Civ. No. 16-935 (KM) |
| **Plaintiff,** | : | |
| | : | **MEMORANDUM OPINION and** |
| **v.** | : | **ORDER** |
| | : | |
| **MICHAEL HARRISON, ESQ.,** | : | |
| **Defendant.** | : | |
| | : | |
| | : | |
| | : | |

<u>**MCNULTY, U.S.D.J.:**</u>

The plaintiff, Nasr Nasruddin, brings this action *pro se* against an attorney, Michael Harrison, Esq., claiming breach of the federal Fair Debt Collection Practices Act (FDCPA). Harrison has filed a motion (ECF no. 4) to dismiss the complaint for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6); Nasruddin has filed a response (ECF no. 5); Harrison has filed a reply (ECF no. 6); and Nasruddin has filed what amounts to a surreply (ECF no. 8).

## I.   APPLICABLE STANDARD

FED. R. CIV. P. 12(b)(6) provides for the dismissal of a complaint, in whole or in part, if it fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated. *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005). In deciding a motion to dismiss, a court must take all allegations in the complaint as true and view them in the light most favorable to the plaintiff. *See Warth v. Seldin*, 422 U.S. 490, 501 (1975); *Trump Hotels & Casino Resorts, Inc. v. Mirage Resorts Inc.*, 140 F.3d 478, 483 (3d Cir. 1998); *see also Phillips v. County of Allegheny*, 515 F.3d

224, 231 (3d Cir. 2008) ("reasonable inferences" principle not undermined by later Supreme Court *Twombly* case, *infra*).

FED. R. CIV. P. 8(a) does not require that a complaint contain detailed factual allegations. Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that it is "plausible on its face." *See id.* at 570; *see also Umland v. PLANCO Fin. Serv., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). While "[t]he plausibility standard is not akin to a 'probability requirement' … it asks for more than a sheer possibility." *Iqbal*, 556 U.S. at 678 (2009).

"Where the plaintiff is a pro se litigant, the court has an obligation to construe the complaint liberally." *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009) (citing *Haines v. Kerner*, 404 U.S. 519, 520-521 (1972); *Gibbs v. Roman*, 116 F.3d 83, 86 n. 6 (3d Cir. 1997)). Nevertheless, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir. 2013). "[A] litigant is not absolved from complying with *Twombly* and the federal pleading requirements merely because s/he proceeds pro se." *Thakar v. Tan*, 372 F. App'x 325, 328 (3d Cir. 2010) (citation omitted).

## II.   DISCUSSION

The complaint is somewhat difficult to follow. The underlying transaction is a debt for medical services. Nasruddin alleges that Harrison, a collection attorney, failed to comply with the FDCPA, 15 U.S.C. § 1692. The allegation

seems to be that, despite letters from Nasruddin contesting the debt, Harrison failed to supply him with required information, including the name and address of the creditor and the amount of the debt. One sticking point seems to be the identity of the creditor. Nasruddin alleges that the only agreement he ever signed was with Englewood Hospital and Medical Center. The creditor on the debt upon which he was sued, however, was Cardiac Surgery Group of Hackensack. Nasruddin also objects to the tactics of Harrison in the state action, which resulted in a judgment against him in the amount of $15,000.

Harrison's motion contains a recitation of facts that is is not, in any straightforward way, based on the complaint. Most of it is devoted to a recitation of the proceedings in New Jersey state court. Harrison cites a state court standard for deciding a motion to dismiss. (His reply brief cites federal law.)

Harrison attaches a copy of an agreement. (ECF no. 4-2) The agreement is with Engelwood Hospital Medical Center. Harrison does not explain the relationship between this entity and Cardiac Surgery Group of Hackensack, which he says was the creditor and plaintiff in the state action.

Harrison is perhaps suggesting that these matters are of public record, or that they are part and parcel of the complaint. *See Schmidt v. Skolas,* 770 F.3d 241, 249 (3d Cir. 2014) (Court on rule 12(b)(6) motion can consider "document integral to or explicitly relied upon in the complaint"). There seems to be a dispute, however, over whether this is the right contract, and Harrison's procedural history of the state litigation does not cite to any publicly available source. Harrison seems to be implying that some or all of the matters raised by Nasruddin are *res judicata*, but these pleadings do not contain the documents I would need to decide that issue.

The motion to dismiss will be denied. This might be a matter that could be decided on an early, focused motion for summary judgment, properly supported and brought in compliance with the Local Rules and Fed. R. Civ. P. 56. A conference with the Magistrate Judge would be highly advisable.

## ORDER

For the reasons expressed in the foregoing opinion,

IT IS this 27th day of September, 2016

ORDERED that the defendant's motion (ECF no. 4) to dismiss the complaint is DENIED.

_____
HON. KEVIN MCNULTY, U.S.D.J.